UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00349-FDW

| | | |
|---|---|---|
| PATRICIA M. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| NANCY A. BERRYHILL | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Plaintiff Patricia Cox's ("Plaintiff") Motion for Summary Judgment (Doc. No. 11) filed on November 6, 2017, and Defendant Acting Commissioner of Social Security's ("Commissioner" or "Defendant") Motion for Summary Judgment (Doc. No. 15) filed on February 2, 2018. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Social Security Income ("SSI").

For the reasons set forth, the Court GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and REMANDS this matter pursuant to Sentence Four of 42 U.S.C. § 405(g)[1] for proceedings consistent with this Order.

## I.    BACKGROUND

Plaintiff applied for SSI benefits under Title XVI on December 20, 2012, alleging disability beginning November 16, 2011. (Tr. 18, 122). Plaintiff's claim was initially denied on May 21,

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405.

2013 (Tr. 117), and then was denied again upon reconsideration on December 23, 2013 (Tr. 127).

Plaintiff filed a request for an administrative hearing on January 24, 2014 (Tr. 137), and a hearing

was conducted with Administrative Law Judge ("ALJ") via video conference on September 11,

2015 (Tr. 171, 191). At the initial hearing, the ALJ scheduled a supplemental hearing for April

20, 2016, so additional consultative exam reports could be filed. (Tr. 41, 201, 221). On May 4,

2016, the ALJ issued an unfavorable written decision finding Plaintiff not disabled. (Tr. 15).

The ALJ's decision found Plaintiff had not engaged in substantial gainful activity from the

application date through the date of the decision and that she had the following severe impairments:

major depressive disorder, panic attacks, epilepsy, and back pain. (Tr. 20). The ALJ determined

that none of these impairments nor any combination of the impairments met or medically equaled

a per se disabled medical listing under 20 C.F.R. Part 404, Subpart. P, App. 1. (Tr. 21).

The ALJ then found Plaintiff had the Residual Functional Capacity ("RFC") to perform

light work as defined in 20 CFR § 416.967(b):

> [E]xcept she can lift and carry 20 pounds occasionally and 10 pounds frequently.
> She will be able to push and pull as much as she can lift and carry. The [Plaintiff]
> will be able to sit, stand, and walk for 6 hours in an eight-hour workday. She will
> be able to stoop frequently. The claimant c[an] never operate a motor vehicle. She
> will be able to understand, remember and carry out instructions and she is limited
> to perform simple, routine tasks. The [Plaintiff] will be able to frequently respond
> appropriately to supervisors and occasionally respond appropriately to coworkers
> and the public. With respect to dealing with changes in the work setting, she will
> be limited to simple work-related functions.

(Tr. 24). In determining Plaintiff's RFC, the ALJ assigned great weight to the opinion of Dr. Lori

Schneider ("Schneider") and Dr. Walter McNulty ("McNulty"). (Tr. 28-29). Both Schneider and

McNulty reported one of the reasons they were seeing Plaintiff was for Plaintiff's attention deficit

hyperactivity disorder ("ADHD") and learning disabilities. (Tr. 677, 683). Schneider recorded

Plaintiff having ADHD and learning disabilities (Tr. 685) while McNulty said it was "unclear

whether or not [Plaintiff] would meet the formal diagnostic criteria for [ADHD] at this point." (Tr. 680). In listing Plaintiff's medications, neither Schneider or McNulty noted Plaintiff taking any ADHD medications. (Tr. 678, 684). McNulty found Plaintiff was moderately impaired in her motivation, ability to tolerate stress, and ability to tolerate the stress and pressures associated with day-to-day work activity, while her ability to relate to coworkers and supervisors was at least mildly impaired. (Tr. 681).

In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") testified that such an individual can perform jobs in the national economy that exist in significant numbers. (Tr. 31). Thus, the ALJ concluded Plaintiff was not disabled, as defined under the Social Security Act. (Tr. 32). Thereafter, Plaintiff filed a request for review with the Appeals Council on June 27, 2016, which was denied on April 26, 2017. (Tr. 1-2). Plaintiff has exhausted all administrative remedies and now appeals the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.    STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function

to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional

capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

## III. ANALYSIS

On appeal, Plaintiff alleges the ALJ erred by failing to: (1) properly determine Plaintiff's mental RFC when he did not include a limitation on Plaintiff's ability to stay on task (Doc. No. 12 at 5-11), and, (2) include limitations in Plaintiff' RFC consistent with those limitations documented in McNulty's report, despite giving the report great weight (Doc. No. 12, p. 2).

Regarding Plaintiff's argument as to her mental RFC determination, Plaintiff specifically argues the ALJ erred by finding Plaintiff "has moderate difficulties in maintaining concentration, persistence or pace" at step three, but failing to discuss or determine Plaintiff's ability to stay on task in the RFC determination at step four. (Doc. No. 12, p. 2). Plaintiff relies on the Fourth Circuit's holding in Mascio, 780 F.3d 632, to argue the ALJ must explain Plaintiff's ability to perform "work-related" functions and her ability to perform them for a full workday. (Doc. No. 12 at 8). Defendant, on the other hand, contends an explicit off-task limitation is not necessary and the ALJ sufficiently contemplated and explained Plaintiff's ability to stay on task for a full workday. (Doc. No. 16 at 4-5).

In Mascio, the Fourth Circuit held that only a limitation on a claimant's "ability to stay on task . . . would account for [the] claimant's limitation in concentration, persistence, or pace." 780 F.3d at 638. While the Fourth Circuit concluded that a limitation in concentration, persistence, or pace is not addressed by a limitation in the RFC to "simple, routine tasks, or unskilled work," it did not conclude the *only* way to account for this limitation is to include the language: "ability to

stay on task." Id. Moreover, if the ALJ finds moderate difficulties in concentration, persistence, or pace, "the RFC must reflect the claimant's work functions as to this limitation *unless* the ALJ explains why a limitation in concentration, persistence, or pace at step three does not translate into a limitation on the claimant's capacity to do work-related activities." Watts v. Berryhill, No. 3:16-CV-850-FDW, 2017 WL 6001639, at \*4 (W.D.N.C. Dec. 4, 2017) (citing Mascio, 780 F.3d at 638) (citing SSR 96-8p) (emphasis added).

As noted by Defendant, (Doc. No. 16, p. 4), the lack of an explicit function-by-function analysis does not require remand per se. Mascio, 790 F.3d at 636. However, "remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. Where the ALJ does not include a limitation for the claimant's ability to stay on task, but his discussion of the record allows for the Court to meaningfully review the ALJ's conclusion, remand is not appropriate. See Sizemore v. Berryhill, 878 F.3d 72, 80-81 (4th Cir. 2017) (holding an ALJ's discussion of the record was sufficient where the ALJ noted a claimant's functioning would increase if the claimant stopped abusing alcohol and took his medications as prescribed). "[A]n ALJ does not account for a claimant's difficulties in concentration, persistence, or pace by restricting work functions to 'simple, routine tasks or unskilled work' but does account for such difficulties by restricting the 'ability to stay on task.'" Scott-Grant v. Berryhill, No. 3:17-CV-542-FDW, 2018 WL 2108020, at \*4 (W.D.N.C May 7, 2018) (citing Mascio, 780 F.3d at 638) (citing Sizemore, 878 F.3d at 81 (finding RFC determination limiting claimant to "simple one, two-step tasks in a low stress work environment with no public contact" sufficient to account for moderate difficulties in concentration, persistence, or pace when supported by two doctors' opinions)).

Here, the ALJ found Plaintiff had "moderate difficulties with regard to concentration, persistence or pace" after "considering her treatment with medication and her testimony that she had difficulty in school and had to repeat second grade[.]" (Tr. 23). However, the ALJ failed to explain his conclusion concerning why his finding of moderate difficulties in concentration, persistence or pace at Step Three did not translate into a limitation on the claimant's capacity to do work-related activities.

Factually, the ALJ's decision in the present case is more similar to those which have been remanded, rather than upheld, by this Court in the past. Compare Scott-Grant, 2018 WL 2108020, at *4-5 (remanding the ALJ's decision where there was no analysis explaining why a moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation on Plaintiff's capacity to do work-related activities or explaining how the RFC addressed Plaintiff's moderate limitation in concentration, persistence, or pace), McKinney v. Berryhill, No. 1:17-CV-212-FDW, 2018 WL 1972713, at *4-5 (W.D.N.C. Apr. 26, 2018) (remanding an ALJ decision where an ALJ summarized and recited medical sources regarding a claimant's ability to stay on task, but omitted relevant parts from the medical sources' opinions and did not engage in a function-by-function analysis), Boyd v. Berryhill, No. 3:16-CV-816-FDW, 2018 WL 1377394, *3-5 (W.D.N.C Mar. 19, 2018) (remanding an ALJ decision where ALJ found claimant had moderate difficulties in maintaining concentration, persistence, or pace but did not account for this limitation in the RFC, and only supported the decision by referencing two state agency psychological consultants and assigning more weight to them without explaining his reliance), and Hunter v. Berryhill, No. 3:17-CV-181-FDW, 2017 WL 6542512, at *3-4 (W.D.N.C Dec. 21, 2017) (remanding an ALJ decision where the ALJ's explanation for not including any limitation as to a claimant's ability to stay on task consisted of noting the claimant had not attended counseling or

taken his prescribed medication), with Gill v. Berryhill, No. 3:17-CV-430-FDW-DSC, 2018 WL 2107196, at *4 (W.D.N.C May 7, 2018) (upholding an ALJ's decision based on the reasoning that an ALJ's RFC determination accounted for Plaintiff's limitation in concentration, persistence, or pace in the RFC by limiting her to "work in a nonproduction setting" and to "the ability to stay on task for two hours at a time"), and Bushaw v. Berryhill, No. 1:17-CV-192-FDW, 2018 WL 1972711, at *5-7 (W.D.N.C Apr. 26, 2018) (upholding an ALJ's RFC determination limiting Plaintiff's ability to perform "simple tasks for two hours at an adequate pace" where the ALJ specifically cited to the Plaintiff's "thought, memory, attention/concentration and judgment [being] within normal limits" and referenced how Plaintiff's symptoms were adequately controlled by medication). In the present case, the ALJ erred by briefly mentioning Plaintiff's ability to stay on task in Plaintiff's RFC, and the ALJ failed to reference Plaintiff's medication in the RFC determination. (Tr. 24-30).

Neither Schneider or McNulty made an explicit finding or offered any opinion as to Plaintiff's ability to stay on task, and their opinions were the only two medical opinions to which the ALJ gave great weight. (Tr. 28-29). The ALJ's only mention of Plaintiff's ability to stay on task was a reference to an office visit for mental health treatment in June 2012, where "the claimant did not exhibit evidence of a thought disorder" and "her thought process was linear and goal oriented." (Tr. 26).

Further, this error was not harmless. In Hunter, the Court remanded the ALJ's determination after finding the inclusion or non-inclusion of a limitation as to a claimant's ability to stay on task "could be determinative of the [the claimant's] disability." Hunter, 2017 WL 6542512, at *4. The Court relied on a VE's testimony that there would be no jobs in the national economy available for the claimant if he were off task 15% of the time. Id. In the present case,

the VE testified that if Plaintiff was "off task 15% of the time on an ongoing basis," there would

be no jobs in significant numbers in the economy for Plaintiff.  (Tr. 50).  According to the VE's

testimony, if the ALJ would have found Plaintiff's ability to stay on task to be limited, the Plaintiff

would have been found disabled.

Accordingly, this Court agrees with Plaintiff that the decision should be remanded back to

the ALJ to address the omission of a limitation as to Plaintiff's concentration, persistence or pace,

or explain why a finding that Plaintiff's ability to stay on task was limited at Step Three did not

translate into a limitation into Plaintiff's RFC.  Upon remand, the ALJ should conduct a function-

by-function analysis and adequately explain the evidence supporting the RFC determination.

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C.

§ 405(g), the Court does not take a position on the merits of Plaintiff's application for disability

benefits nor does the Court express any opinion as to Plaintiff's other assignments of error.  The

Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that

decision as written cannot stand.  See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000)

("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations

omitted)).  In declining to address the other assignments of error in dicta here,[2] the Court notes

that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision

in the new decision issued upon remand.  "Under § 405(g), 'each final decision of the Secretary

[is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s]

---

[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand.  See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ  to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25, 110 S.Ct. 2658, 2663, 110 L.Ed.2d 563 (1990)).

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED; Defendant's Motion for Summary Judgment (Doc. No. 15) is DENIED; and this matter is REMANDED to the Commissioner for further proceedings consistent with this order.

IT IS SO ORDERED.

Signed: July 30, 2018

Frank D. Whitney
Chief United States District Judge